Louis E. Glahtz, J.
In this action to recover damages for alleged personal injuries, the defendant moves for an order directing the plaintiff, Estelle Mark, to submit to a physical examination before trial by a physician designated by this court.
Plaintiff has heretofore refused to voluntarily submit to a physical examination by defendant’s doctor unless a copy of his report is delivered to her and now opposes this motion for the same reason.
Under the common law, courts were powerless to order a physical examination in a personal injury action.
Section 306 of the Civil Practice Act grants authority to the courts to direct a plaintiff in such actions to submit to a physical examination by one or more physicians or surgeons to be designated by the court or judge under such restrictions and directions as to the court or judge shall seem proper.
Section 306 of the Civil Practice Act, however, does not provide for the delivery of a copy of the physician’s or surgeon’s report to the plaintiff.
*983 The question to be decided by me is whether I have the right to direct that a copy of the said report be furnished to plaintiff and thus disclose the testimony of defendant’s witness. Have I the right to direct plaintiff to furnish the defendant with a copy of her physician’s report as a condition for furnishing to her the defendant’s report in order to avoid surprise and in the interest of justice and fair play.
An independent search of the law does not disclose any decision by the Court of Appeals on this subject. The various departments of the Appellate Division of the Supreme Court are not in agreement on this question.
I don’t think that courts should be obliged to adhere to outmoded procedural rules and regulations.
The modern trend is to avoid surprise and not to give a litigant an unfair advantage over another litigant. See subdivision (b) of rule 35 of the Federal Rules of Civil Procedure and proposed rule for Exchange of Medical Information by Presiding Justice Bernard Botein of the Appellate Division, First Department (N. Y. L. J., June 30,1958, p. 1, col. 7).
Accordingly, I hereby grant this motion as follows:
1. I hereby designate Dr. Bernard Charap of 114 Continental Avenue, Forest Hills, Borough of Queens, City of New York to make a physical examination of plaintiff Estelle Mark.
2. Said examination shall be conducted at the office of said physician because plaintiff claims an injury to her eye and certain heavy instruments must be used in such examinations.
3. Being a female, said examination may be conducted in the presence of her doctor, husband and attorney.
4. At the time of such examination plaintiff is hereby required to exhibit to the above-named physician any and all X rays taken of her injuries and a copy or copies of report or reports of her physicians or surgeons and deliver the copy or copies of said reports to defendant’s attorney.
5. Said designated physician shall have the right to question plaintiff as to said injuries but not as to negligence or contributory negligence.
6. Immediately after said examination is completed, a copy of the designated physician’s report shall be furnished to plaintiff’s attorney.
7. Said examination shall be had with speed and dispatch.
8. Until all the terms and conditions herein are complied with, the trial of this action is hereby stayed.
9. Submit order.